UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK KNOX,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO. 2:15-CV-241-PRC |
| THE TRUSTEES OF INDIANA UNIVERSITY,<br>in their official capacities, and<br>PATRICIA NOWAK, individually,<br>      Defendants. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss First Amended Complaint [DE 27], filed by Defendants The Trustees of Indiana University and Patricia Nowak on October 14, 2015. The motion is fully briefed and ripe for ruling.

## BACKGROUND

On May 14, 2015, Plaintiff Mark Knox filed a Complaint against Indiana University Northwest Campus, Indiana University Northwest Police Department, and Patricia Nowak, alleging that he was illegally and unconstitutionally deprived of his property without due process of law when his employment as a sworn police officer was terminated on May 14, 2013. Defendants removed the case to this Court on June 22, 2015.

Plaintiff filed a First Amended Complaint on September 17, 2015, replacing Defendants Indiana University Northwest Campus and Indiana University Northwest Police Department with the Trustees of Indiana University in their official capacities, adding citations to the Indiana Code, and adding requests for declaratory and injunctive relief. In the First Amended Complaint, Plaintiff alleges that he was employed by Defendant Trustees of Indiana University from January 2009 to May 2013 as a sworn police officer and that his employment was terminated on May 14, 2013, by

Defendant Patricia Nowak, Police Chief of the Indiana University Northwest campus. Plaintiff alleges that Defendants denied him his rights in his job because he was not given a hearing before an impartial board, no determination of guilt was made in a lawful proceeding, he was not given written notice delivered by certified mail, he was not allowed to present witnesses or evidence in a proceeding assisted by an attorney, and he did not have an opportunity to file an appeal.[1] Although Plaintiff alleges in the Introduction that the action is brought pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under the common law, statutes, and Constitution of the State of Indiana, the only "Cause of Action" alleged is "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983." (Am. Compl. ¶ 16-21). Plaintiff does not allege any state law cause of action in the First Amended Complaint, nor does he raise any state law cause of action in his response to the instant motion.

Defendants filed their Motion to Dismiss on October 20, 2015. Plaintiff filed a response in opposition on November 12, 2015, and Defendants filed a reply on December 7, 2015.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

Defendants seek dismissal of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the

---

[1] In his response brief, Plaintiff states that Patricia Nowak "terminated [him] for alleged misconduct without a hearing before an impartial board." (Pl. Br. 1 (citing First Am. Compl. ¶ 10)). However, there is no allegation in the First Amended Complaint that his termination was for alleged misconduct.

2

Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

Plaintiff's claim is based on an alleged unconstitutional deprivation of a property right in his employment by Defendants in violation of 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a claim under § 1983, a

plaintiff must allege that he was deprived of a right secured by the Constitution or federal law, by a person acting under color of law. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011) (quoting *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

The Fourteenth Amendment guarantees an individual the right to due process when a state or local government deprives him of life, liberty, or property. U.S. Const. amend. XIV, § 1. When a public employee claims that he has been terminated without due process, the court first determines whether the defendants deprived the plaintiff of a protected liberty or property interest. *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010) (quoting *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1020 (7th Cir. 2000)). In the instant motion, Defendants argue that Plaintiff has not alleged that he was deprived of a right secured by the Constitution or federal law because he did not have a constitutionally protected property interest in his employment as a police officer for Indiana University.

"A protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract—those 'rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005) (quoting *Johnson v. City of Fort Wayne*, 91 F.3d 922, 943 (7th Cir. 1996) (quoting *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996))); *see also Moulton v. Vigo Cty.*, 150 F.3d 801, 804 (7th Cir. 1998) (quoting *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994)); *Swoope v. Gary Cmty. Sch. Corp.*, No. 2:10-CV-423, 2012 WL 3732838, at *6 (N.D. Ind. Aug. 28, 2012) (considering the allegation that the plaintiff's property interest in employment arose out of a written contract). However, public employees "who serve only 'at will' or at the pleasure of their employers may have a desire in continued employment but they

4

do not have a property interest." *Kivett v. Marion Cty. Sheriff's Dept.*, NO. 1:095-CV-348, 2007 WL 906470, at *8 (S.D. Ind. Mar. 22, 2007) (citing *Lalvani v. Cook Cty.*, 269 F.3d 785, 791 (7th Cir. 2001)).

In this case, Plaintiff did not have a protected property interest in his employment because he served at the will of the board of trustees of Indiana University, and Plaintiff has not identified any statute, regulation, ordinance, or contract conferring the necessary entitlement. Indiana Code Title 21, Article 39 governs "State Educational Institutions: Regulation of Conduct." Therein, "Police Officer" is defined as a "police officer employed by a state educational institution under IC 21-39-4." Ind. Code § 21-39-1-2. Plaintiff has alleged that he was a police officer employed by Indiana University, which is a state educational institution. *See* (Am. Compl. ¶ 11); Ind. Code § 21-20-2-1.

Indiana Code § 21-39-4 governs the "Powers to Appoint Police Officers." Under this chapter, the board of trustees of a state educational institution may

> (1) appoint police officers for the state educational institution for which the board is responsible;
>
> (2) prescribe duties and direct the conduct of the appointed police officers;
>
> (3) prescribe distinctive uniforms for the police of the state educational institution or campus; and
>
> (4) designate and operate emergency vehicles.

Ind. Code § 21-39-4-2. Police officers appointed under this chapter "take an appropriate oath of office in the form and manner prescribed by the appointing board of trustees." Ind. Code § 21-39-4-3.

Central to the issue in this case, the chapter next provides: "A police officer serves at the pleasure of the appointing board of trustees." *Id.* at § 21-39-4-4. The chapter then outlines the "Powers and duties of officers":

> Sec. 5. (a) Police officers have the following powers, privileges, immunities, and duties:
>
> > (1) General police powers including the power to arrest, without process, all persons who commit an offense within the view of the officer.
> >
> > (2) The same common law and statutory powers, privileges, and immunities as sheriffs and constables, except that the officers are empowered to serve civil process only to the extent authorized by the employing board of trustees.
> >
> > (3) The duty to enforce and to assist the officials of the state educational institutions at which the officers are employed in the enforcement of the rules and regulations of the state educational institution.
> >
> > (4) The duty to assist and cooperate with other law enforcement agencies and officers.
>
> (b) The board of trustees employing a police officer may expressly prohibit a police officer from exercising any of the powers otherwise granted by law.

Ind. Code § 21-39-4-5.

Pursuant to the statute, Plaintiff served at the pleasure of the board of trustees and, thus, was an employee at will. *See, e.g.*, *Eller v. Gary Cmty. Sch. Corp.*, No. 208-CV-307, 2010 WL 3719536, at *4-5 (N.D. Ind. Sept. 14, 2010) (finding a school corporation police officer to be an employee at will because Indiana law provides that a school corporation police officer "serves at the governing body's pleasure" (citing Ind. Code § 20–26–16–6(a)(3))); *Moriarity v. Superior Ct. of Marion Cty.*, No. 1:06-CV-1413, 2007 WL 1106135, at *2-3 (S.D. Ind. Apr. 11, 2007) (noting that probation officers are at will employees based on statutory language that they "serve at the pleasure of the

appointing court" (citing Ind. Code § 11-13-1-1(c)));[2] *Hilburt v. Town of Markleville*, 649 N.E.2d 1036 (Ind. Ct. App. 1995) (finding that an untenured town marshal is an employee at will because the "marshal serves at the pleasure of the town legislative body" (citing Ind. Code § 36-5-7-3)). Thus, the termination of Plaintiff's employment was at the discretion of the board of trustees, and he did not have a protected property interest in his employment. Notably, Plaintiff fails to discuss Indiana Code § 21-39-4-4 in his brief.

Nevertheless, Plaintiff argues that other Indiana statutes create a property interest in his employment. First, Plaintiff reasons that the grant to university police officers in § 21-39-4-5(a)(2) of the "same powers, *privileges*, immunities, and duties as sheriffs and constables" (emphasis added), coupled with Indiana Code § 36-8-10-11, which governs mandatory sheriff merit board disciplinary and termination procedures, creates a property interest in Plaintiff's employment as an Indiana University police officer. The purpose of § 21-39-4-5, when read in the context of all of Chapter 4 on Powers to Appoint Police Officers, is to define university police officers' policing authority and powers; it does not deal with employment rights. For example, sheriffs enjoy a law enforcement investigatory privilege. *See Mickle v. City of Indianapolis*, 2015 WL 5098545, at *1 (S.D. Ind. Aug. 31, 2015). Thus, "privileges" of "sheriffs and constables" in § 21-39-4-5 references law enforcement privileges and does not logically include employment rights.

By way of comparison, the statute dealing with "special deputies" contains similar language, giving special deputies "the powers, *privileges*, and duties of a county police officer." Ind. Code § 36-8-10-10.6(a) (emphasis added). Yet, the same statute provides that special deputies may "be

---

[2] The Court notes that the decision in *Moriarity* was issued on April 11, 2007, and, thus, did not apply the dismissal standard first established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), which was decided on May 21, 2007.

7

removed by a sheriff at any time, without notice and without assigning any cause." *Id*. Thus, both university police officers and special deputies are given the "powers, privileges, and duties" of "sheriffs and constables" and "county police officers," respectively, yet the grant of those "privileges" cannot be read to include merit board protections because both university police officers and special deputies are subject to a more specific statute governing their status as employees at will.

Plaintiff incorrectly asserts that Indiana Code § 36-8-10-11 "creates in sworn law enforcement officers in Indiana a property interest in their jobs and entitles them to procedural due process protections." (Pl. Resp. 2 (citing *Marion Cty. Sheriff's Merit Bd. v. Peoples Broad. Corp.*, 547 N.E.2d 235, 239 (Ind. 1989)). Plaintiff's statement suggests that § 36-8-10-11 applies to all law enforcement officers in Indiana. However, Chapter 10 is "titled "Sheriff's Department; Merit Board; Pensions." For purposes of Chapter 10, "eligible employee" is defined as "the sheriff of a county or a county police officer." Ind. Code § 36-8-10-2. Similarly, the decision in *Marion County* deals only with a sheriff's department. Neither the statute or the case purport to extend the statute's protections to law enforcement officers beyond those in sheriff's departments. There is no corresponding merit board statute for university police officers.

As discussed above, Indiana Code § 21-39-4-4 explicitly provides that a "police officer," which is defined for purposes of this [Article] as a "police officer employed by a state educational institution under IC 21-39-4," serves at the pleasure of the appointing board of trustees. The Indiana legislature defined a state university police officer's employment status in Title 21, a statute entirely separate from the statutes governing sheriffs and constables in Title 36. Even if § 21-39-4-4 and § 36-8-10-11 could be perceived as a specific and a general statute governing this situation, which they are not, a more specific statute is given precedence over a more general one. *See Morales v.*

*Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). Moreover, to determine that Plaintiff nevertheless has a property right in his employment as an Indiana University police officer based on a general statute dealing with police powers, rules violations, and standards of conduct would render § 21-39-4-4 meaningless.

There are many different types of law enforcement officers in Indiana, each governed by a different set of statutes. Some are protected by merit board disciplinary procedures before discipline can be imposed. *See* Ind. Code § 36-8-10-11 (sheriffs); Ind. Code § 36-8-3.5-17 (municipality and township law enforcement officers); Ind. Code § 36-8-3-4 (second and third class city police department). Others may be summarily suspended, with a review by a board. *See* Ind. Code § 10-11-2-15 (Indiana State Police officers). And, like university police officers, others may be dismissed without cause. *See* Ind. Code § 36-5-7-6 (town marshals, with certain exceptions); Ind. Code § 36-8-10-10.6 (special deputies); Ind. Code § 20-26-16-6(a)(3) (school corporation police officers).

In an attempt to establish a property interest in his employment, Plaintiff also cites Indiana Code §§ 21-39-2-4 and 5. These sections are in Title 21 governing Higher Education, as is Chapter 4 establishing the power to appoint university police officers; however, these two sections are in Chapter 2, which deals with discipline for violations of conduct regulations. Section 21-39-2-4 allows the board of trustees of Indiana University to "dismiss, suspend, or otherwise punish any student, faculty member, or employee of the state educational institution who violates the institution's rules or standards of conduct, after determination of guilt by lawful proceedings." Ind. Code § 21-39-2-4(b). Section 21-39-2-5(b) provides: "Conduct that constitutes a violation of the rules of the state educational institution may be punished, after determination of guilt by lawful procedures, without regard to whether the conduct also constitutes an offense under the criminal

9

laws of any state or of the United States or whether it might result in civil liability of the violator to other persons." Ind. Code § 21-39-2-5(b). However, there is no allegation in the Amended Complaint that Plaintiff's employment was terminated due to a violation of Indiana University's rules or standards of conduct. In other words, because he served at the pleasure of the board of trustees of Indiana University, the mere fact of the termination of his employment does not necessarily imply that Plaintiff was dismissed for cause. These statutes do not create a property interest in his employment.

Accordingly, because Plaintiff did not have a protected property interest in his employment as a university police officer, he has failed to state a claim upon which relief can be granted and dismissal is appropriate. The Court need not address Defendants' remaining arguments.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss First Amended Complaint [DE 27].

SO ORDERED this 1st day of February, 2016.

 s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT